LEHMAN v. LOWMAN.

ATTACHMENTS   *Failure to file separate complaint.*

> Where an affidavit for attachment contains the essential allegations of a complaint, the failure to file a separate complaint is only an irregularity in practice which may be cured by amendment, and does not affect the jurisdiction to issue the order of attachment. *Sannoner v. Jacobson,* 47 *Ark.*, 31.

APPEAL from *Desha* circuit court.
JNO. A. WILLIAMS, Judge.

*J. W. Dickinson,* for appellant.

*Sannoner v. Jacobson,* 47. *Ark.*, 31, is decisive of this case.

*X. J. Pindall,* for appellees.

The record does not show that summons was issued or attachment bond filed, and 47 *Ark.*, 31 does not go so far as to hold summons and attachment bond not necessary. The affidavit was made by attorney, upon belief only.

COCKRILL, C. J.   Lehman & Sons caused their affidavit and bond for attachment against Lowman & Bro. to be filed in the office of the clerk of the Desha circuit court.

The order of attachment and summons for the defendants issued and were executed.   No separate complaint was filed before the summons and order of attachment issued.   The defendants appeared and filed a motion to quash the attachment proceeding because there was no suit pending when the order issued, and upon other grounds that are not insisted upon here.

Before the motion was heard, the plaintiffs filed a separate complaint. The defendants' motion was sustained, the order of attachment was quashed and the attached property released—leave being extended to the plaintiffs by the court to cause a new order to issue as of the date of the filing of their separate complaint. The plaintiffs took judgment *in-personam* and prosecute this appeal to reverse the judgment quashing their attachment.

The case of *Sannoner v. Jacobson,* decided since the judgment in this cause was rendered, is decisive of the question presented. 47 *Ark.,* 31. It was there determined that if an affidavit for attachment contains the essentials of a complaint, the absence of the separate complaint required by the statute is not a defect that goes to the jurisdiction or power to issue the order of attachment, but is an irregularity in practice only, subject to be cured by amendment.

In this appeal, the affidavit contains all the requisites of a complaint pointed out in Sannoner's case, and the plaintiffs in apt time availed themselves of the right to amend by filing a separate complaint conforming to the strict requirements of the practice. It was error, therefore, to quash the attachment.

Reverse the judgment appealed from, and remand the cause for further proceedings.